UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, on behalf of THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF WOONSOCKET, RESERVOIR ADVENTURES, LLC, JORGE L. JORGE, and TANYA A. MAYUMBO,<br><br>*Defendants.* | Civil Action No. 1:23-cv-00244 |

## COMPLAINT

The United States of America, on behalf of plaintiff United States Department of Housing and Urban Development ("United States," "Plaintiff," or "HUD"), files this complaint for declaratory relief, injunctive relief, and damages against Defendants City of Woonsocket, Reservoir Adventures, LLC, Jorge L. Jorge, and Tanya A. Mayumbo (collectively, "Defendants") for wrongfully divesting HUD of its real estate located in Woonsocket, Rhode Island. As the result of defendants' action, the United States seeks a declaratory judgment that: (1) HUD is the lawful owner of the residential real estate located at 294 Rhode Island Avenue, Woonsocket, Rhode Island 02895 ("Property"); (2) Defendant City of Woonsocket's April 2, 2019 non-judicial sale of the Property to recover unpaid municipal real estate taxes and unpaid non-utilization taxes is null and void; (3) all judgments, orders, and decrees pertaining to rights of redemption and quiet title of the Property issued by Providence Superior Court in PM-2020-03645, which was initiated by Defendant Reservoir Adventures, LLC, are null and void because

1

the state court lacked subject matter jurisdiction to hear a challenge to HUD's ownership of the Property; and (4) Defendants Reservoir Adventures, LLC, Jorge L. Jorge, and Tanya A. Mayumbo have no ownership interest in the Property. In addition, the United States seeks injunctive relief as necessary to quiet title to the Property in favor of HUD, damages for the tort of trespass, and restitution for unjust enrichment.

## PARTIES

1.      Plaintiff, the United States Department of Housing and Urban Development, is an agency within the Executive Branch of the federal government and is the rightful owner of the property located at 294 Rhode Island Avenue, Woonsocket, Rhode Island 02895 ("Property").

2.      Defendant City of Woonsocket is a municipality in the State of Rhode Island that is named in its official capacity because this action concerns the City of Woonsocket's actions, including the actions of officials acting on its behalf, in conducting a non-judicial sale on April 2, 2019, for unpaid real estate taxes and unpaid non-utilization taxes on the Property.

3.      Defendant Reservoir Adventures, LLC, a Rhode Island Limited Liability Company, located at 400 Reservoir Avenue Suite 2D, Providence, Rhode Island 02907, purchased the Property at a sale for unpaid real estate taxes and unpaid non-utilization taxes conducted by the City of Woonsocket, for the sum of Twenty-Seven Thousand and Seven Hundred Eighty-Four and 25/100 Dollars ($27,784.25).

4.      Defendant Jorge L. Jorge, who resides at 4526 Raleigh Dalton Road, Dallas, Texas 75227, purchased the Property from Reservoir Adventures, LLC, for the sum of Two Hundred and Seventy-Five Thousand and 00/100 Dollars ($275,000.00).

5.      Defendant Tanya A. Mayumbo, who resides at 294 Rhode Island Avenue,

Woonsocket, Rhode Island 02895, purchased the Property from Jorge L. Jorge, for the sum of Five Hundred Twenty-Five Thousand and 00/100 Dollars ($525,000.00).

## JURISDICTION AND VENUE

6. The United States brings this civil action pursuant to 28 U.S.C. §§ 1345, 1346(f), 2201 and 2409a for the purpose of obtaining a declaratory judgment that: (a) HUD is the owner of the Property; (b) Defendant City of Woonsocket's April 2, 2019 sale of the Property for unpaid real estate taxes and unpaid non-utilization taxes is null and void; (c) all judgments, orders, and decrees pertaining to rights of redemption and quiet title of the Property issued by Providence Superior Court in PM-2020-03645 are null and void because the state court lacked subject matter jurisdiction to hear a challenge to HUD's ownership of the Property; and (d) Defendants Reservoir Adventures, LLC, Jorge L. Jorge, and Tanya A. Mayumbo have no ownership interest in the Property. In addition, the United States seeks injunctive relief as necessary to quiet title to the Property in favor of HUD under 28 U.S.C. § 2202, damages for the tort of trespass, and restitution for unjust enrichment.

7. This action is brought by the United States at the request of HUD and has been brought to restore and quiet title to property owned by HUD and to vindicate the sovereign rights and pecuniary interests of HUD.

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1345, and 1346(f) because this action is brought by the United States to obtain declaratory and injunctive relief regarding HUD's ownership of the Property and this action arises under the United States Constitution and the laws of the United States.

9. This is an appropriate action for a declaratory judgment, as authorized by 28 U.S.C. § 2201, and injunctive relief, as authorized by 28 U.S.C. § 2202, because an actual

controversy, as is more fully described below, has arisen and now exists between the United States and the Defendants concerning their respective rights and obligations. Plaintiff is suffering actual and threatened harm by virtue of the actions of Defendants.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Rhode Island.

## FEDERAL PROGRAM BACKGROUND

11. Pursuant to Section 203(b) of the National Housing Act, as amended, 12 U.S.C. § 1709, and as implemented by regulations, HUD's Federal Housing Administration ("FHA") Commissioner insures mortgages made by qualified lenders to borrowers for the purchase or refinance of single-family residences.

12. Through this program, private lenders are protected against the risk of default on mortgages to qualified borrowers who may not otherwise be qualified for non-insured loans. Among other features, the FHA Single Family Mortgage Insurance program has low downpayment requirements, thus making capital more accessible to eligible borrowers. In order to be underwritten for FHA insurance, the loan must be secured by a mortgage interest that is in a first secured position on the property. *See* 12 U.S.C. § 1707. HUD's regulations for the Section 203(b) mortgage insurance program are found at 24 C.F.R. Part 203.

13. When a mortgage lender seeks to collect a past-due amount or foreclose on an FHA-insured property with a loan in default, the mortgage lender must comply with 24 C.F.R. Part 203, Subpart C (Servicing Responsibilities).

14. Once foreclosure is completed, applicable regulations establish the right and manner by which the mortgage lender may make a claim for insurance benefits from FHA. *See generally* 24 C.F.R. Part 203, Subpart B (Contract Rights and Obligations). If the claim is approved, HUD will pay insurance benefits – *i.e.*, the amount of the claim to the mortgage

lender – with monies from the Mutual Mortgage Insurance Fund ("MMIF"). The MMIF is funded by collecting up-front mortgage insurance premiums charged to borrowers for each FHA-insured mortgage at endorsement and monthly insurance premiums that lenders collect from borrowers and remit to the FHA. *See* www.hud.gov/program_offices/housing/sfh.

15. After foreclosure, the mortgage lender would then convey the title and transfer possession of the property to the HUD FHA Commissioner. 24 C.F.R. § 203.366. Once HUD takes title to the property, the property becomes part of HUD's Real-Estate Owned ("REO") Portfolio.

16. The proceeds HUD receives from selling REO properties are then returned to the Mutual Mortgage Insurance Fund to minimize the government's losses.

## STATEMENT OF FACTS

17. On or about March 31, 2006, Eric Carter ("Borrower") took out an FHA insured mortgage on the Property ("Mortgage"). Exhibit 1.

18. On or about March 29, 2013, JPMorgan Chase Bank, N.A. ("Mortgagee") instituted foreclosure proceedings. Exhibit 2.

19. On April 19, 2013, the Mortgagee purchased the Property for Ninety-Three Thousand Nine Hundred Sixty And 00/100 Dollars ($93,960.00). *See id.*

20. On June 27, 2013, the Mortgagee recorded its title to the Property at Woonsocket City Hall, at Book number 2041, Page number 129. *See id.*

21. On January 29, 2015, the Mortgagee submitted a claim to HUD for insurance benefits. Exhibit 3.

22. On February 2, 2015, HUD paid a claim to the Mortgagee of Two Hundred Fifty-Eight Thousand Six Hundred Thirty-Seven and 82/100 Dollars ($258,637.82) from the

Mutual Mortgage Insurance Fund. *Id.*

23. The Mortgagee conveyed title to the Property to HUD via Quitclaim Deed, which was recorded on February 3, 2015, at Woonsocket City Hall, at Book number 2135, Page numbers 133-135. Exhibit 4.

24. HUD conveyed title to the Property back to the Mortgagee via Quitclaim Deed, which was recorded on June 16, 2015, at Woonsocket City Hall, at Book number 2154, Page numbers 343-345. Exhibit 5.

25. The Mortgagee conveyed title to the Property back to HUD via Quitclaim Deed, which was recorded on October 25, 2017, at Woonsocket City Hall, at Book number 2318, Page numbers 143-147. Exhibit 6.

26. On or about April 2, 2019, the City of Woonsocket purported to sell the Property to Reservoir Adventures, LLC, for unpaid real estate taxes and unpaid non-utilization taxes. Exhibit 7. HUD did not receive notice of the sale.

27. The instrument purporting to convey the Property to Reservoir Adventures, LLC, a "Collector's Deed," was recorded at Woonsocket City Hall, on May 23, 2019, at Book number 2440, Page number 243. *Id.*

28. In consideration of the payment of Twenty-Seven Thousand Seven Hundred Eight-Four and 25/100 Dollars ($27,784.25), the Collector's Deed purported to grant to Reservoir Adventures, LLC "all of the right, title and/or interest of said Secretary Of Housing and Urban Development . . . and of all others having any right, title, and/or interest in and to [the Property] . . . subject, however, to the right of redemption as made and provided in the statutes." *Id.*

29. On May 4, 2020, Reservoir Adventures, LLC filed a petition to foreclose the

Mortgagee's right of redemption on the Property in Providence Superior Court. PM-2020-03645. The petition was styled "Reservoir Adventures, LLC, vs. JPMorgan Chase Bank, N.A." and asked the Superior Court to enter a decree that Reservoir Adventures, LLC's title to the Property "is absolute" and that all rights of redemption held by JPMorgan Chase Bank, N.A. "are barred." The petition identified JPMorgan Chase Bank, N.A. as the entity known to have an interest in the Property. Exhibit 8.

30. JPMorgan Chase Bank, N.A. possessed no interest in the Property at the time the petition was filed. The petition did not name HUD as having an interest in the Property. *Id.*

31. Neither HUD nor the United States received a copy of the petition. *Id.*

32. On October 23, 2020, Reservoir Adventures, LLC recorded a Decree from the Providence Superior Court ordering that "all rights of redemption are forever foreclosed and barred" as to the Property and purporting to vest full legal and equitable title to the Property to Reservoir Adventures, LLC. The Decree was recorded at Woonsocket City Hall, at Book number 2564, Page number 257. Exhibit 9.

33. On November 8, 2022, Reservoir Adventures, LLC executed a Warranty Deed purporting to convey the Property to Jorge L. Jorge for the sum of Two Hundred Seventy-Five Thousand and 00/100 Dollars ($275,000.00). Exhibit 10.

34. The Warranty Deed purporting to transfer interest in the Property to Jorge L. Jorge was recorded at Woonsocket City Hall, on November 10, 2022, at Book number 2776, Page number 343. *Id.*

35. On April 5, 2023, despite having notice of HUD's interest in the property, Jorge L. Jorge executed a Warranty Deed purporting to convey the Property to Tanya A. Mayumbo for the sum of Five Hundred Twenty-Five Thousand and 00/100 Dollars

($525,000.00). Exhibit 11.

36. The Warranty Deed purporting to transfer interest in the Property to Tanya A. Mayumbo was recorded at Woonsocket City Hall, on April 12, 2023, at Book number 2800, Page number 205. *Id.*

## COUNT ONE

**Declaratory Judgment that Defendant City of Woonsocket's Non-Judicial Sale of the Property Violated the United States Constitution and the Doctrine of Sovereign Immunity, and Therefore is Null and Void**

37. Plaintiff repeats and incorporates by reference the allegations set forth above in paragraphs 1- 36, as if fully set forth herein.

38. The Property Clause of the U.S. Constitution provides: "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States . . . ." U.S. Const., Art. IV, Sec. 3, Cl. 2. The term "property" under the Property Clause has been defined to include "all other personal and real property rightfully belonging to the United States." *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 331 (1936).

39. "The power of Congress to dispose of any kind of property belonging to the United States 'is vested in Congress without limitation.'" *Alabama v. Texas*, 347 U.S. 272, 273 (1954) (*per curiam*) (quoting *United States v. Midwest Oil Co.*, 236 U.S. 495 (1915)).

40. Property owned by the United States, for reasons of public policy, "cannot be seized by authority of another sovereignty against the consent of the Government." *Armstrong v. United States*, 364 U.S. 40, 43 (1960).

41. Under the doctrine of sovereign immunity, land to which the United States has title cannot be subjected to a forced sale by a state or local government to recover unpaid taxes or fees.

42. Although the National Housing Act provides a limited waiver of sovereign immunity allowing state and local governments to *tax* HUD-owned properties, s*ee* 12 U.S.C. § 1714, that waiver of immunity does not permit the *sale* of a HUD-owned property for unpaid taxes.

43. Congress has not waived the United States' sovereign immunity in circumstances where the government fails to respond to a state or local notice of sale for unpaid taxes with respect to a federal-owned property.

44. Based on the Property Clause and Supremacy Clause of the United States Constitution and the doctrine of sovereign immunity, the Supreme Court and other federal courts have consistently held that state and local governments may not sell property owned by the United States to recover unpaid taxes or fees. *United States v. Alabama*, 313 U.S. 274 (1941) (overturning local school district's sale of property owned by United States for unpaid taxes); *United States v. County of Richmond*, 500 F. Supp. 2d 312, 315 (D.S.C. 1980) (holding that tax sale of four HUD-owned properties in South Carolina was void and that Congressional waiver that "specifically allows the property to be taxed . . . does not allow summary execution and sale of such property); *United States v. Emergency Land Fund, Inc.*, 569 F. Supp. 62, 65 (S.D. Miss. 1983) (holding that municipality "cannot subject to sale for taxes a security interest in real property held by a federal agency . . . . the tax sale in question in the case at bar cannot operate so as to extinguish the federal interest [and] is therefore null and void"); *United States v. County of Cook*, 1997 U.S. Dist. LEXIS 15993, at *41-42 (N.D. Ill. Sept. 30, 1997) (voiding Cook County's tax sale of property owned by United States and stating "neither the County nor this court has found a single case which allowed a state to extinguish the USA's interest in property without

express congressional authorization for such an action"); *United States v. Lewis County*, 175 F.3d 671, 678 (9th Cir. 1999) (holding that Congress's waiver of sovereign immunity authorizing state and local governments to tax property acquired by Farm Service Agency did not allow for interest, penalties, and foreclosure, and thus voiding a tax sale of FSA property by county); *see also HUD v. Sky Meadow Assoc.*, 117 F. Supp. 2d 970, 980-982 (C.D. Cal. 2000) (voiding condominium association's non-judicial foreclosure sale of HUD-owned property for unpaid homeowner association fees); *Yunis v. United States*, 118 F. Supp. 2d 1024, 1027-29 (C.D. Cal. 2000) ("Supremacy and Property Clauses of the Constitution preclude the use of non-judicial foreclosure by private party to sell property owned by the United States").

45. Accordingly, property owned by the United States cannot be subject to a tax sale conducted by a state or local government for unpaid taxes or fees.

46. Based on the Property Clause and the Supremacy Clause of the United States Constitution and the doctrine of sovereign immunity, Defendant City of Woonsocket had no authority to conduct a non-judicial sale of the Property to Reservoir Adventures, LLC for unpaid real estate taxes and unpaid non-utilization taxes.

47. Because the City of Woonsocket had no authority to sell the Property, Reservoir Adventures, LLC did not obtain valid title to the Property.

48. Because Reservoir Adventures, LLC did not obtain valid title to the Property, its purported transfer of the Property for $275,000.00 to Jorge L. Jorge is likewise null and void.

49. Because of the null and void sale to Jorge L. Jorge, Jorge L. Jorge's purported transfer of the Property to Tanya A. Mayumbo for $525,000.00 is also null and

void.

## COUNT TWO

**Declaratory Judgment that the Providence Superior Court Lacked Subject Matter Jurisdiction to Divest HUD of the Property, and Therefore Its Orders are Null and Void**

50. Plaintiff repeats and incorporates by reference the allegations set forth above in paragraphs 1- 49, as if fully set forth herein.

51. The Quiet Title Act ("QTA") is a limited waiver of the United States' sovereign immunity and provides the exclusive means by which adverse claimants can challenge the United States' title to real property. 28 U.S.C. § 2409a (providing, in part, "The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights.").

52. By separate statute, federal district courts have *exclusive jurisdiction* to hear cases challenging the United States' interest in real property under the QTA. 28 U.S.C. § 1346(f) ("The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States.").

53. Given this statutory scheme and the operation of the Supremacy Clause, state courts do not have subject matter jurisdiction to decide title actions involving Federal property. *See, e.g. Cummings v. United States*, 648 F.2d 289, 292 (5th Cir. 1981) (plaintiff permitted to sue the United States only by virtue of section 2409a, and under 28 U.S.C. § 1346(f), the Texas court had no jurisdiction to hear plaintiff's claim); *MMM of Terre Haute, Inc. v. United States Dep't of the Army*¸1999 U.S. Dist. LEXIS 6077 (7th Cir. 1999) (in 2409a quiet title action, under 28 U.S.C. § 1346(f), the Superior Court did not

have jurisdiction to hear MMM's claim as federal court has exclusive federal jurisdiction where United States holds title to real property).

54. The United States Supreme Court observed with regard to the jurisdictional limitations of the QTA that the "congressional purpose was simply to confine jurisdiction to the federal courts and to exclude the courts of the States, which otherwise might be presumed to have jurisdiction over quiet-title suits against the United States." *California v. Arizona,* 440 U.S. 59, 66 (1979).

55. Courts have noted that despite the statute being entitled "The Quiet Title Act," any "suit that actually challenges the federal government's title, however denominated, falls within the scope of the QTA regardless of the remedy sought," *Robinson v. United States*, 586 F.3d 683, 688 (9th Cir. 2009), and that "the QTA applies any time a party seeks a title determination regarding real property in which the United States asserts an interest." *Shawnee Trail Conservancy v. United States Department of Agriculture*, 222 F.3d 383, 387 (7th Cir. 2000).

56. The Providence Superior Court accordingly lacked subject matter jurisdiction to hear any action to quiet title or challenge the United States' title to the Property, or to otherwise divest HUD of its ownership of the Property.

57. The Providence Superior Court's rulings, orders, and decisions regarding the Property, including the purported vesting of title of the Property to Reservoir Adventures, LLC, were entered in the absence of jurisdiction, and accordingly are contrary to law and are null and void.

58. Because Reservoir Adventures, LLC did not obtain valid title to the Property, its purported transfer of the Property for $275,000.00 to Jorge L. Jorge is

likewise null and void.

59. Because of the null and void sale to Jorge L. Jorge, Jorge L. Jorge's purported transfer of the Property to Tanya A. Mayumbo for $525,000.00 is also null and void.

### COUNT THREE

**Trespass Against Defendants Reservoir Adventures, LLC,
Jorge L. Jorge, and Tanya A. Mayumbo**

60. Plaintiff repeats and incorporates by reference all the allegations set forth in above paragraphs 1-59, as if fully set forth herein.

61. As set forth above, Reservoir Adventures, LLC, Jorge L. Jorge, and Tanya L. Mayumbo are not, and have never been, rightful owners of the Property.

62. By unlawfully assuming ownership and taking possession of the Property, Defendants Reservoir Adventures, LLC, Jorge L. Jorge, and Tanya A. Mayumbo are liable for the tort of trespassing on HUD's Property. *See Wilson Auto Enterprises, Inc. v. Mobil Oil Corp.*, 778 F. Supp. 101, 106 (D.R.I. 1991) (holding that liability for trespass to property requires the invasion of one's property by another person who has no right or privilege to enter).

### COUNT FOUR

**Unjust Enrichment Against Defendants Reservoir Adventures, LLC,
Jorge L. Jorge, and Tanya A. Mayumbo**

63. Plaintiff repeats and incorporates by reference the allegations set forth above in paragraphs 1- 62, as if fully set forth herein.

64. As described above, Reservoir Adventures, LLC obtained a state court order purporting to vest title of the Property in Reservoir Adventures LLC's name. Subsequently, Reservoir Adventures, LLC was unjustly enriched by the sale of the

Property to Jorge L. Jorge. Because HUD is and has been the rightful owner of the Property and was wrongfully divested of it, HUD is entitled to restitution from Reservoir Adventures, LLC.

65. As described above, Jorge L. Jorge purportedly obtained title to the Property from Reservoir Adventures, LLC. Subsequently, Jorge L. Jorge was unjustly enriched by the sale of the Property to Tanya A. Mayumbo. Because HUD is and has been the rightful owner of the Property and was wrongfully divested of it, HUD is entitled to restitution from Jorge L. Jorge.

66. As described above, Tanya A. Mayumbo purportedly obtained title to the Property from Jorge L. Jorge. Subsequently, Tanya A. Mayumbo was unjustly enriched by her purported ownership of the Property. Because HUD is and has been the rightful owner of the Property and was wrongfully divested of it, HUD is entitled to restitution from Tanya A. Mayumbo.

67. Defendants Reservoir Adventures, LLC, Jorge L. Jorge, and Tanya A. Mayumbo have been unjustly enriched to the detriment of the United States entitling the United States to restitution from them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests as follows:

A. That this Court enter a judgment that the Property is owned by and titled in HUD and order the property vacated and returned to the sole possession of HUD;

B. That this Court enter a judgment declaring that the City of Woonsocket's sale of the Property, on or about April 2, 2019, is null and void;

C. That this Court enter a judgment declaring that all judgments, orders and

decrees of the Providence Superior Court, in the matter PM-2020-03645, are null and void for lack of subject matter jurisdiction;

      D.      That this Court enter a judgment that the purported transfer of title from Reservoir Adventures, LLC to Jorge L. Jorge, recorded on November 10, 2022, is null and void;

      E.      That this Court enter a judgment that the purported transfer of title from Jorge L. Jorge to Tanya A. Mayumbo, recorded on April 12, 2023, is null and void;

      F.      That this Court direct the City of Woonsocket and its necessary employees, agents, attorneys and all persons acting in concert with them who all receive notice of this Court's order, to: (1) take all actions necessary to vacate the sale of the Property; and (2) take all actions necessary to record documentation showing HUD's lawful ownership of the Property;

      G.      That the Court award damages against Defendants Reservoir Adventures, LLC, Jorge L. Jorge, and Tanya A. Mayumbo for trespass, along with pre- and post-judgment interest as allowed by law;

      H.      That the Court order Defendants Reservoir Adventures, LLC, Jorge L. Jorge, and Tanya A. Mayumbo to pay restitution to HUD in an amount by which they have been unjustly enriched, along with pre- and post-judgment interest as allowed by law; and

      I.      That this Court award the United States such other and further relief as this Court deems just and proper.

UNITED STATES OF AMERICA
on behalf of its agency
U.S. Housing and Urban Development

ZACHARY A. CUNHA
United States Attorney
District of Rhode Island

By: *Mary Rogers*
MARY ROGERS
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
Email: mary.rogers@usdoj.gov